UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CAMILA R. MANGIERI,**

    Plaintiff,

vs.                                                                            CASE NO. 2020 -

**EUROMARKET DESIGNS, INC**. a
foreign corporation d/b/a **CRATE &
BARREL**,

    Defendant.
_____/

## COMPLAINT

Plaintiff, **CAMILA R. MANGIERI** ("Plaintiff"), by and through the undersigned counsel and pursuant to Title I of the American Disabilities Act, 42 U.S.C. §12112, *et seq.*, (1990) (ADA), as amended by the Americans with Disabilities Amendments Act (ADAA), Rehabilitation Act of 1973, 29 U.S.C. §504, (1988), and the Family and Medical Leave Act of 1993, §2601 *et seq.* ("FMLA"), hereby sues the Defendant, **EUROMARKET DESIGNS, INC**. a foreign corporation d/b/a **CRATE & BARREL** ("**CRATE & BARREL**") and as grounds states the following:

    1.    Plaintiff was at all times material an employee of Defendant. On October 19, 2020, Defendant unlawfully retaliated against and provoked the constructive termination of the Plaintiff from her position as the Assistant Store Manager of Visual Merchandise. The Defendant's unlawful discriminatory employment practices described herein is on the basis of Plaintiff's disability, to wit: limited use (impairment) of her left arm, and request for medical/leave.

    2.    Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 under the ADA, as

amended and the FMLA.

3. At all-time material hereto the Defendant, **CRATE & BARREL,** as a corporation licensed and doing business in Florida. The Defendant also has more than fifteen (15) employees.

4. The Plaintiff has exhausted her administrative remedies and otherwise complied with all conditions precedent to the filing of this action, including, the filing of her complaint with the Equal Employment Opportunity Commission (EEOC) on or about February 4, 2020. (See attached copy of notice Exhibit "A").  Plaintiff received a Notice of Dismissal and Notice of Rights containing the Plaintiff's right to sue within ninety days of receipt of said dismissal and notice of rights.   (See Attached Exhibit "B").

5. This Court has jurisdiction, in Florida, over the Defendant as the Defendant is a corporation that conducts, operates and carries on business in the State of Florida as a corporation licensed and doing business in Florida and has committed unlawful acts in Florida and has conducted substantial, and not isolated activities within the State of Florida.

**COUNT I: RETALIATION UNDER AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§12101, ET SEQ. (1990)**

Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5 as if set forth fully herein.

6. Plaintiff, Camila Mangieri is a 34-year-old female and resident of Miami, Florida.

7. On April 22, 2020 Defendant hired Plaintiff as an assistant manager position based at the retail store #814 in Coral Gables, Florida.

8. Prior to her reporting to duty in April 2019 the Plaintiff suffered from a severe injury to her left arm that resulted in an impairment substantially limiting one or more of life's major activities, to wit lifting heavy weight using her left arm.  Although the Plaintiff suffered significantly limited use of her left arm she was able to perform all of her duties required to do

the job as Assistant Manager of Visual Merchandising.    There was never an issue raised by the Plaintiff as to her ability to do her job duties.

9.      Despite the lack of any evidence that the Plaintiff could not do her job the Defendant regarded Plaintiff as having an impairment, and there is as a of the Defendants continuing demand for records a record maintained by the Defendant of impairment that substantially limited one or more of the Plaintiff's life major activities.   This qualifies the Plaintiff as having been designated as "disabled" by the Defendant and the Plaintiff's supervisory team, and in accordance with the ADA.

10.     It should be undisputed that the Plaintiff suffered and continues to suffer from the aforementioned medical condition that qualifies as a disability in accordance with the ADA. But the Plaintiff was able to do all her job duties.

11.     Prior to Prior to October 7, 2019 the Plaintiff was asked by Jessica Krueger, Senior Human Resources Business Partner- Central Region, to submit medical records regarding her disability. After that date the Defendant unilaterally decided that the Plaintiff could not do her job, was disabled and should be removed from her manager position or terminated.

12.     On October 7, 2019 the Plaintiff believing that she was being singled out and about to be fired for her disability filed a formal complaint to the EEOC complaining of the discriminatory practices and the Plaintiff notified her employer of her complaint to the Equal Employment Opportunity Commission.

13.     As a result of the Plaintiff's notice to her employer of her EEOC Complaint, at first it appeared that the Defendant employer took her complaint seriously.   In October the Defendant stated directly to the Plaintiff that they would return her to her former position. The accommodation requested was to be returned to her former position,   and left alone even though

the Defendant designated the Plaintiff and disabled.

14. The Defendants conduct was just a ruse and the management including Nicole Kayes Director of Human Resources- Field, did not honor the statement that the Plaintiff would be returned to her former position. Instead the Defendant launched into the same practices that occurred before, disclosed the Plaintiff's medical information to the Plaintiff's coworkers, all in retaliation for the EEOC complaint.

15. The Defendant through its supervisory team of Store 814 Crate & Barrel Coral Gables marginalized the Plaintiff, removed her from her team, removed her from her management position, and Nicole Kayes and store leadership team further harassed the Plaintiff to the extent that she was constructively terminated.

16. Defendant subjected Plaintiff to a hostile work environment on the basis of her disability by disclosing confidential medical information to the Plaintiff's co-workers and the Plaintiff's direct reports.

17. Defendant subjected Plaintiff to a hostile work environment on the basis of her disability and for making a complaint of discriminatory and retaliatory treatment for exercising her rights.

18. Plaintiff felt shocked, singled out, embarrassed, helpless and treated unfairly on the basis of her disability and request for a reasonable accommodation to be left alone in her position without the constant threat of the disability ending career at Crate & Barrel.

19. Plaintiff felt extremely degraded, victimized, humiliated, and emotionally distressed.

20. Defendant retaliated against Plaintiff for having complained of discrimination, as well as for having requested a reasonable accommodation to be left alone to do her job without scrutiny under the ADA.

21. The above are just some of the examples of the practice of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

22. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her federal rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101, *et seq.*, as amended to include the remedies in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a.

23. Plaintiff is disabled within the meaning of 42 U.S.C. § 12101, *et seq.* (1990), as amended, in that she suffered from the medical conditions heretofore described, which impaired her brain, nervous and muscular systems and was substantially limited in one or more of life's major activities. Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

24. Defendant is an employer within the meaning of 42 U.S.C. §12101, *et seq*.

25. Following and as a result of Plaintiff's EEOC complaint, her request for reasonable accommodation, and demand to be placed in her former position, (to return to work), the Defendant retaliated against Plaintiff by reprimanding Plaintiff for taking time off, accusing Plaintiff of violating company policy that was never otherwise enforced, (e.g. alleging that she could not lift 65lbs) suspending Plaintiff without pay by requiring the Plaintiff to obtain a "note" from her doctor stating that the Plaintiff was 100% without limitations; therefore, constructively terminating Plaintiff's employment. No other employee was asked for a note from their doctor that they were 100% without limitation.

26. Defendant's discriminatory and retaliatory conduct was so unfair and extreme, that it caused emotional severe emotional distress, aggravated anxiety/depression, both financial emotional harm and the conduct was willful, intentional, and designed to and in fact did harm

the Plaintiff.

27. Defendant's actions constituted a continuing violation under the applicable federal law.

28. Defendant's retaliation against Plaintiff was willful or with reckless indifference to her protected rights.

29. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury, and requests this Court to:

a. Declare that Defendant unlawfully retaliated against because of her complaint of discrimination against Defendant in violation of the ADA;

b. Issue an order prohibiting further retaliation/discrimination;

c. Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a;

d. Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. §1981a and applicable statutes; and

e. Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## COUNT II: VIOLATION OF
## FAMILY AND MEDICAL LEAVE ACT – 29 U.S.C. § 2601 ET SEQ.

Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5 as if set forth fully herein.

30. Plaintiff, Camila Mangieri is a 34-year-old female and resident of Miami, Florida.

31. On April 22, 2020 Defendant hired Plaintiff as an assistant manager position based

at the retail store #814 in Coral Gables, Florida.

32. Prior to her reporting to duty in April 2019 the Plaintiff suffered from a severe injury to her left arm that resulted in an impairment substantially limiting one or more of life's major activities, to wit lifting heavy weight using her left arm. Although the Plaintiff suffered significantly limited use of her left arm she was able to perform all of her duties required to do the job as Assistant Manager of Visual Merchandise. There was never an issue raised by the Plaintiff that would give the Defendant any reason to believe the Plaintiff could not do her job.

33. Prior to Prior to October 7, 2019 the Plaintiff was asked to submit medical records regarding her disability. After that date the Defendant unilaterally decided that the Plaintiff could not do her job, was disabled and should be removed from her manager position and constructively terminated.

34. Defendant employed 50 or more employees within a 75-mile radius within 12 months before Defendant terminated Plaintiff and was required to comply with the FMLA.

35. At all times the Plaintiff was treated as an eligible employee of Defendant pursuant to and within the meaning of 29 U.S.C. §2611(2), in that she worked for Defendant and the Defendant made the Plaintiff submit documents to the Defendant's FMLA program.

36. At all times relevant to this the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions, which required her to miss work to receive medical treatment as she was entitled to do pursuant to the FMLA.

37. Plaintiff exercised or attempted to exercise her FMLA rights by requesting medical leave for one or more of her serious health conditions within the 12 months before her discharge.

38. On or around November 6, 2019 the Defendant granted Plaintiff's request for 10 days off unpaid for FMLA for one or more serious health conditions.

39. However, upon return Defendant suspended Plaintiff without pay unless she could provide a letter from a doctor that the Plaintiff was 100% and had no limitations.

40. This 100% requirement was with in only a few days of Plaintiff's FMLA leave.

41. The Defendant through its supervisory team of Store 814 Crate & Barrel Coral Gables marginalized the Plaintiff, removed her from her team, and Nicole Kayes harassed the Plaintiff to the extent that she was constructively terminated.

42. After the Plaintiff exercised her FMLA rights, the Defendant retaliated against Plaintiff by reprimanding Plaintiff for taking time off, accusing Plaintiff of violating company policy that was never otherwise enforced, (e.g. alleging that she could not lift 65lbs) suspending Plaintiff without pay by requiring the Plaintiff to obtain a "note" from her doctor stating that the Plaintiff was 100% without limitations; therefore, constructively terminating Plaintiff's employment.

43. Plaintiff felt shocked, singled out, embarrassed, helpless and treated unfairly on the basis of her right to take FMLA.

44. Plaintiff felt extremely degraded, victimized, humiliated, and emotionally distressed.

45. The above are just some of the examples of the pattern and practice of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

46. Further, Defendant did not return Plaintiff to the same position she held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment is required by 29 C.F.R. §825.214.

47. Defendant therefore failed to cooperate with Plaintiff in her attempt to exercise her FMLA rights, and otherwise interfered with, restrained or denied Plaintiff's exercise of or the attempt to exercise her rights under the FMLA, in direct violation of 29 U.S.C. §2615 *et seq.*

48. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

49. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands trial by jury, and requests this Court to:

a. Enter a judgment that Defendant's termination of Plaintiff was in violation of the FMLA (29 U.S.C. §2615 *et seq.*;

b. Enjoin and permanently restrain Defendant from further violations of the FMLA;

c. Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position, with back pay plus interest, pension rights and all benefits or, in the alternative enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A) against the Defendant and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendant's violation of the FMLA;

d. Enter a judgment pursuant to 29 U.S.C. §2617(a) against the Defendant and in favor of Plaintiff for all damages, including liquidated damages, interest, reasonable attorney's fees and costs incurred by Plaintiff for this action;

e. Award any additional relief to which she is entitled.

## CONCLUSION

**WHEREFORE,** the Plaintiff, **CAMILA MANGIERI,** seeks the following relief:

1. Restoring the Plaintiff to her employment related benefits;

2. Awarding front pay as warranted under the circumstances of this case;

3. Awarding all unpaid wages and other entitlements consisting of damages in the form of back pay due to the Plaintiff; and front pay;

4. Awarding benefits, costs and reasonable attorneys' fees;

5. Compelling Plaintiff's reinstatement by Defendant to her former position

of employment with **CRATE & BARREL**

6. Liquidated, Punitive and/or exemplary damages as order able pursuant to Statutes; and

7. Awarding the Plaintiff all the relief that this Court deems to be equitable and just.

8. Trial by jury on all issues so triable.

Respectfully submitted on 17 of April 2020.

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Plaintiff
66 West Flagler Street, Suite 601
Miami, Florida 33130
Tel: (305) 529-1040
Email: richard@caldwell.legal
assitant@caldwell.legal  caldwelllaw@bellsouth.net


By:___//S//Richard J. Caldwell_____
    Richard J. Caldwell, Esq.
    Florida Bar No. 825654